**EXHIBIT A**

**If you do not respond to this document within applicable time limits, judgment could be entered against you as requested.**

George T. Waddoups, #3965
Michelle K. Waddoups, #14025
GEORGE T. WADDOUPS & ASSOCIATES, PLLC
623 E. Fort Union Blvd., Suite 108
Midvale, Utah 84047
Telephone: (801) 212-9992
Facsimile: (801) 212-9211
george@waddoupslaw.com
michelle@waddouopslaw.com
Attorneys for Plaintiff

IN THE THIRD JUDICIAL DISTRICT COURT,

IN AND FOR SALT LAKE COUNTY, STATE OF UTAH

| | |
|---|---|
| BECKY RATHKE,<br><br>　　　　Plaintiff,<br><br>v.<br><br>WALMART INC., a Delaware Corporation d/b/a WALMART STORE 5109,<br><br>　　　　Defendants. | **COMPLAINT TIER III**<br>**(More than $300,000.00)**<br><br><br><br>Civil Number   220904084<br><br>Judge   Matthew Bates |

Plaintiff complains of Defendants as follows:

I.

### PARTIES, JURISDICTION, AND VENUE

1.　　At all material times herein, Plaintiff was a resident of Salt Lake County, State of Utah.

2. At all material times herein, Defendants Walmart Inc., a Delaware Corporation, is doing business as Walmart Store 5109 at 4700 South 4000 West, West Valley City, Utah, is authorized to transact business in Salt Lake County, and is doing so as a grocery and drug store with its principle and regional headquarters in the State of Utah.

3. This cause of action arose at 4700 South 4000 West, West Valley City, Utah at Walmart Store No. 5109, thereby conferring jurisdiction and venue upon this Court.

II.

## STATEMENT OF FACTS

4. Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 3 above.

5. On August 3, 2020, Plaintiff was employed my Meadow Gold Dairy Farms. As part of her routine, she would visit various stores and bring product to the stores.

6. One of Plaintiff's customers was the Walmart store, located at 4700 South 4000 West in West Valley City, Utah, known as Store 5109.

7. On August 3, 2020, at approximately 4:00 p.m., Plaintiff arrived at the store to drop off the product at the freezers as she was delivering ice cream.

8. Prior to this time, there has been a problem at this particular store with the flooring near the freezers becoming coated with ice or slippery.

2

9. Even though this condition had not been rectified, Plaintiff attempted to be as careful as she could each time she would visit this store.

10. The store was well aware of the situation, but it had not been rectified as of August 3, 2020. On this date, Plaintiff followed her usual routine of being careful while delivering the product to the freezer at the Walmart store. In spite of her efforts to be careful, she slipped and fell, causing injuries to her right shoulder, right wrist, torn tendons in her right wrist, fractures in her right wrist, and multiple contusions and pain throughout her body.

11. Plaintiff's employer reported this incident to Walmart.

12. As a result of her injuries, Plaintiff ended up having surgery on her wrist, which required a fusion.

13. In spite of her treatment, Plaintiff still has ongoing pain from her injuries.

III.

## FIRST CAUSE OF ACTION

14. Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 13 above.

15. Plaintiff alleges that Defendants either owned, exercised control, or assumed control of the described premises.

16. Plaintiff alleges that Defendants had a duty to exercise reasonable care to eliminate defects in those areas of the described premises.

17. Plaintiff alleges that Defendants failed to eliminate the unreasonably dangerous and hazardous conditions of the described premises.

18. Plaintiff alleges that as a direct and proximate result of Defendants' breach of its duty, Plaintiff sustained injuries as set forth hereinabove and incorporated by this reference.

19. Plaintiff alleges that as a direct and proximate result of Defendants' breach of its duty, Plaintiff sustained past, present, and future special damages and general damages as set forth herein below.

20. Plaintiff alleges that Defendants have a non-delegable duty to inspect the premises and exercise reasonable care to eliminate defects and unreasonably dangerous and hazardous conditions on those areas of the described premises.

21. Plaintiff alleges that Defendants knew that the area by the freezer at this store was causing the floor to ice up and otherwise be slippery, making an unreasonably dangerous and hazardous condition for customers and delivery personnel to traverse this area of the store.

22. Plaintiff alleges that Defendants, their representatives, management companies, maintenance personnel, and security personnel owed a duty to Plaintiff to exercise reasonable care to make the premises safe and to observe and eliminate the unreasonably dangerous and hazardous condition and defects in those areas of the described premises.

23. Plaintiff alleges that Defendants, and each of them, were negligent in the following particulars:

   a. Failing to inspect the premises to observe and eliminate the unreasonably dangerous and hazardous conditions of the ice buildup and slippery conditions near the freezer;

   b. Failed to properly maintain the premises in a safe and reasonable condition;

   c. Created a hazardous condition by failing to repair the freezer so that it did not cause the floor adjacent to the freezers to become icy or otherwise slippery;

   d. Failed to place warning signs, yellow cones, or other tape to cordon off the area until the slippery condition had been remedied;

   e. Failed to place other warning signs to alert customers and delivery personnel, including Plaintiff, that the area had not been remedied;

   f. Failing to apply salt or deicer to keep the ice from building up on the floor or the slippery condition from existing;

   g. Failing to place mats or safety mats that are resistant to the ice or slippery conditions, so that customers and delivery personnel, including Plaintiff, who traverse the area, would not slip and fall; and

5

h. Failed to provide warnings, caution tape, or other barricades in the areas that had not been remedied by the freezer on or before August 3, 2020.

24. Plaintiff alleges that Defendants had weeks, if not months, to remedy the situation and failed to do so.

25. Plaintiff alleges that she was lawfully on the premises.

26. Plaintiff alleges that Defendants knew that Plaintiff would be arriving to deliver product on her scheduled route yet failed to remedy the situation by the freezer as described below and incorporated herein by this reference.

27. Plaintiffs allege that Defendants created an unreasonably safe and dangerous condition by not properly maintaining the freezer; repairing the freezer; or taking alternative measures to prevent the floor adjacent to the freezer from becoming icy and slippery prior to Plaintiff's scheduled delivery on August 3, 2020.

28. As a direct and proximate result of Defendants' negligent acts, omissions, and wrongful conduct, Plaintiff sustained past, present, and future special damages, including medical expenses in an amount not less than $35,000.00; lost wages; impaired earning capacity; out-of-pocket expenses; and consequential damages in an amount to be established at trial, but not less than $50,000.00.

29. As a further direct and proximate result of Defendants' negligent acts, omissions, and wrongful conduct, Plaintiff sustained past, present, and future general damages, including physical pain and suffering; emotional pain and suffering; loss of

enjoyment of life; permanent scarring; permanent impairment/disability; and an increased likelihood of re-injury or aggravation to a preexisting condition in an amount to be established at trial, but not less than $100,000.00.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. For past, present, and future special damages, including medical expenses in an amount not less than $35,000.00; lost wages; impaired earning capacity; out-of-pocket expenses; and consequential damages in an amount to be established at trial, but not less than $50,000.00.

2. For past, present, and future general damages, including physical pain and suffering; emotional pain and suffering; loss of enjoyment of life; permanent scarring; permanent impairment/disability; and an increased likelihood of re-injury or aggravation to a preexisting condition in an amount to be established at trial, but not less than $100,000.00.

3. For prejudgment and post-judgment interest, costs of court, and such other relief as the Court deems equitable.

DATED this 7th day of July 2022.

GEORGE T. WADDOUPS & ASSOCIATES

*/s/ George T. Waddoups*
George T. Waddoups
Attorney for Plaintiffs

**PLAINTIFF'S ADDRESS:**

729 South 800 East
Salt Lake City, Utah 84102

7